UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 13
JASON MICHAEL EILDERTS and      )
HEATHER MARIE EILDERTS,         )
                                )    Bankruptcy No. 06-01570
    Debtors.                    )

**ORDER RE: APPLICATION FOR DEBTORS TO RETAIN
ECONOMIC STIMULUS REFUNDS**

This matter came before the undersigned on May 28, 2008 pursuant to assignment. Attorney James Wagner appeared for Debtors. Carol Dunbar appeared as Chapter 13 Trustee. After hearing statements of counsel, the Court to the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**FINDINGS OF FACT**

Debtors request permission to retain their $1,800 Economic Stimulus Rebate payment from the IRS. They have already received permission from the Court to retain their Tax Refund of $5,265. Debtors' motion states they intend to use both payments to buy a vehicle to replace their old car which has a value of $500.

Trustee objects. Debtors had two vehicles when the case was filed. Only Mr. Eilderts works outside the home. Unsecured creditors will get only 2.69% of their claims under the plan. Trustee asserts the $1,800 rebate payments should be paid into the plan. Tax refunds of $5,625 plus trade-in of one of Debtors' cars should be enough to provide the family with a vehicle which will last through the end of the plan in December 09.

Debtors did not personally appear at the hearing. Attorney Wagner and Trustee indicated that they had a proposed stipulation which would allow Debtors to pay the amount of the rebate into the plan over some length of time, although Debtors had not yet signed a copy of the stipulation. Counsel for Debtors informed the Court that Debtors had admitted they already spent the rebate funds for purposes other than to buy a vehicle. Trustee sent letters to Debtors advising them not to spend disposable income such as tax refunds and the tax rebate. Counsel for Debtors also informed Debtors the tax refunds and tax rebate must be turned over to the Trustee.

The Court informed Debtors at the confirmation hearing on February 14, 2007 that all tax refunds and other disposable income must be turned over to the Trustee. The Court stated that if Debtors spent such funds without Court permission, their Chapter 13 case would be dismissed. The Order entered February 15, 2007 confirming the Plan states that failure to submit tax refunds to Trustee in a timely manner will result in dismissal of the case without further notice or hearing.

## CONCLUSIONS OF LAW

Generally, pursuant to § 1307(c), a Chapter 13 case may be dismissed on request of a party in interest after notice and hearing. In re Minkes, 237 B.R. 476, 478 (B.A.P. 8th Cir. 1999). The requirement of a request of a party in interest is obviated, however, where the court is dismissing based on the debtor's failure to comply with the court's orders. Id. at 479. Courts have distinguished between Chapter 13 dismissal based on a substantive merits determination and dismissal based on failure to follow a court order. See In re Meints, 222 B.R. 870, 872 (Bankr. D. Neb. 1998); In re Lewis, 227 B.R. 886, 890 n. 7 (Bankr. W.D. Ark. 1998). While sua sponte dismissal is not appropriate where dismissal is based on substantive determinations regarding a debtor's eligibility for Chapter 13 relief or confirmability of a plan, Meints, 222 B.R. at 872 (citing In re Terry, 630 F.2d 634, 636 n.5 (8th Cir. 1980), the Court may order dismissal under § 105(a) to enforce or implement court orders or rules, or to prevent an abuse of process. In re Wilson, 294 B.R. 109, 111 (B.A.P. 8th Cir. 2002). If a case involves only narrow procedural aspects, a court can dismiss a Chapter 13 case without further notice or hearing if the debtor was given notice of the procedural requirements to be met. In re Wheeler, 323 B.R. 758, 763 (Bankr. W.D. Wash. 2005) (citing Meints and Minkes).

Debtors have violated the Court's order confirming the Plan by spending their $1,800 Economic Stimulus Rebate payment without Court authorization. The confirmed Plan dedicates these funds to the Plan as disposable income. The Court, Trustee and counsel for Debtors all informed Debtors they were required to pay the Rebate payment to Trustee and the consequences of spending the funds without permission. The Court gave Debtors notice that their case would be dismissed if they failed to turn over disposable income such as tax refunds. The Court concludes a Court order regarding estate funds has been intentionally violated and dismissal of this case is appropriate to address Debtors' violation of the Court's order of February 15, 2007.

**WHEREFORE**, Debtor's Application to Retain Economic Stimulus Refunds is DENIED.

**FURTHER**, based on Debtors' violation of the Court's Order by spending the Stimulus Rebate payment without Court authorization, this case is DISMISSED.

DATED AND ENTERED: June 5, 2008

*(signature)*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE